# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# SAN ANTONIO DIVISION

| | | |
|---|---|---|
| DON RINOS and<br>CHERRYL RINOS,<br><br>    Plaintiffs,<br><br>vs.<br><br>GREAT AMERICAN<br>INSURANCE COMPANY,<br><br>    Defendant. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | Civil Action No. 24-1284 |

## NOTICE OF REMOVAL

Defendant Great American Insurance Company ("Great American") files its Notice of Removal under 28 U.S.C. § 1446(a).

## I.    INTRODUCTION

1.    On October 9, 2024, Plaintiffs Don Rinos and Cherryl Rinos ("Plaintiffs") sued Great American in the 57th Judicial District Court of Bexar County, Texas, under Cause No. 2024CI23231 ("State Court Action"). In the State Court Action, Plaintiffs assert an Abstract of Judgment entered in favor of Great American and certified by Deputy Clerk Phillip Devlen of the United States District Court for the Western District of Texas, San Antonio Division, never properly attached to the real property located at 7430 Silent Hills, San Antonio, Texas 78250 ("Property"). As a result, Plaintiffs seek a declaratory judgment that Great American holds no rights, title, or interest in the Property.

## II.    BASIS FOR REMOVAL

2.    A civil action initially filed in a state court is removable if the action is one which "the district courts of the United States have original jurisdiction …." 28 U.S.C. § 1441(a). Federal diversity jurisdiction exists over this removed action under 28 U.S.C. § 1332(a) because all parties are

of diverse citizenship, and the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs.

**A.     THERE IS COMPLETE DIVERSITY AMONG THE PARTIES**

3.      Complete diversity requires that each plaintiff's citizenship must be diverse from that of all defendants. 28 U.S.C. §§ 1441(b)(2) and 1332(a). For purposes of diversity, a corporation is "a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business[.]" 28 U.S.C. § 1332(c)(1).

4.      According to public records, Plaintiffs are domiciled in California. Based on information and belief, Plaintiffs are now, and were at the time of filing of the State Court Action, citizens of California.

5.      Great American is a is an Ohio corporation with its principal place of business in Cincinnati, Ohio.

6.      Accordingly, complete diversity exists between each Plaintiff and Great American, and the requirements of 28 U.S.C. § 1332(a)(1) are satisfied.

**B.     THE AMOUNT IN CONTROVERSY EXCEEDS $75,000**

7.      If a defendant removes a case from state court to federal court on the basis of diversity jurisdiction, then the defendant bears the burden to show that all the requisites for federal jurisdiction are met, including that the amount in controversy exceeds $75,000. *See* 28 U.S.C. § 1332(a).

8.      The jurisdictional threshold amount is ordinarily established by the face of the complaint and the dollar-amount actually claimed. *See Horton v. Liberty Mut. Ins. Co.*, 367 U.S. 348, 353 (1961); *Scherer v. Equitable Life Assurance Soc'y of U.S.*, 347 F.3d 394, 397 (2nd Cir.2003).

9.      Here, Plaintiffs have affirmatively pleaded that they are seeking to recover non-monetary and monetary relief in excess of $100,000.[1]

---

[1] Plaintiff's Original Petition, ¶ 1.1.

Accordingly, the amount in controversy requirement is satisfied, and the Court may properly exercise diversity jurisdiction over the present action.

### III. PROCEDURAL REQUIREMENTS

#### A. TIMELINESS OF REMOVAL

10. Counsel for Great American received a copy of Plaintiff's Original Petition on October 11, 2023. Therefore, this notice of removal has been timely filed pursuant to 28 U.S.C. § 1446(b)(1).

11. Under 28 U.S.C. § 1441(a), removal to this district and division is proper because the state court in which the State Court Action has been pending is located in this district and division.

#### B. COMPLIANCE WITH 28 U.S.C. § 1446

12. Great American is the sole defendant; accordingly, there is no need to obtain consent for removal from other defendants that have been property joined and served as required by 28 U.S.C. § 1446(b)(2)(A).

13. As required by 28 U.S.C. § 1446(a), copies of all pleadings, process, orders, and other filings in the State Court Action are attached as Exhibit A to this Notice of Removal.

14. Under 28 U.S.C. § 1446(d), a true and correct copy of this Notice of Removal will be filed with the District Clerk for the 57th Judicial District Court of Bexar County, Texas, promptly after filing of this Notice of Removal with the United States District Clerk.

### IV. CONCLUSION

Defendant Great American respectfully requests that the above-captioned action now pending in the 57th Judicial District Court of Bexar County, Texas, be removed to the United States District Court for the Western District of Texas, San Antonio Division.

DATED: November 8, 2024.

        Respectfully submitted,

        */s/ Mike F. Pipkin*
        MIKE F. PIPKIN
        Texas State Bar No. 16027020

        **WEINSTEIN RADCLIFF PIPKIN LLP**
        8350 N. Central Expressway, Suite 1550
        Dallas, Texas 75206
        469.629.5300 (Telephone)
        214.865.6140 (Facsimile)
        mpipkin@weinrad.com

        **ATTORNEY FOR DEFENDANT**
        **GREAT AMERICAN INSURANCE**
        **COMPANY**